1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID LUDD, T-78190,                    )
                                        )
                Plaintiff(s),           )          No. C 10-2087 CRB (PR)
                                        )
        vs.                             )          ORDER OF DISMISSAL
                                        )
M. CASTRO, et al.,                      )
                                        )
                Defendant(s).           )
_____         )

        Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro

se civil rights complaint under 42 U.S.C. § 1983 alleging that he received

inadequate medical care upon arriving at SVSP.

                              **DISCUSSION**

A.      Standard of Review

        Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such

relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri

v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff alleges that, on June 29, 2009, he was transferred to SVSP and told that he would be seen by a doctor as part of the receiving process.  Two days later, on July 1, 2009, plaintiff complained to nurse M. Castro that he suffered from chronic lower back pain and had yet to see a doctor.  Castro explained that plaintiff should be seen by a doctor soon.

On July 3, 2009, while Castro was dispensing medications to inmates, she walked up to plaintiff's cell and gave him a pill.  She again gave him the same pill on July 4, 2009.

On July 5, 2009, as Castro approached plaintiff's cell and gave the same pill a third time, plaintiff informed her that he had been urinating blood and throwing up.  Plaintiff asked what type of medication she was giving him.  Castro asked plaintiff his name and, when plaintiff responded "David Ludd," realized that she had made a mistake and had given him another inmate's medication.

On July 15, 2009, plaintiff filed an inmate grievance complaining of Castro's mistake and seeking to see a doctor for his chronic lower back pain.

On July 24, 2009, plaintiff was seen by a doctor on the "MD line."  The doctor prescribed pain medication (Naproxen and Methocarbamol) and referred plaintiff for a "LS spine MRI."

Plaintiff claims that the administering of another inmate's medication to him and the delay in his receiving care for his chronic lower back pain amounted to deliberate indifference to his serious medical needs.

2

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately indifferent" only if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Negligence alone does not warrant liability under the Eighth Amendment. Id. at 835-36 & n4.  An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment."  Id. at 838.  Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).  Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care."  Estelle, 429 U.S. at 104-05.

Although regrettable, plaintiff's allegations regarding Castro's "mistake" in giving him another inmate's medication on July 3, 4 and 5, 2009 must be dismissed because they do not amount to more than a claim for negligence or medical malpractice not cognizable under § 1983.  See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002).  And the same rationale applies to his allegations of delay in seeing a

doctor for his chronic lower back pain.  See, e.g., Frost, 152 F.3d at 1130 (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (finding that isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).  After all, the attachments to the complaint make clear that plaintiff was seen by a doctor for his chronic lower back pain only days after he filed an inmate grievance seeking to see a doctor, and that the doctor prescribed him pain medication and gave him a referral for a spine MRI.[1]

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:  Sept. 3, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Ludd, D1.dismissal.wpd

---

[1]To whatever extent plaintiff takes issue with the medical care he has received since his first medical consultation at SVSP on July 23, 2009, he must do so in a new action after exhausting available administrative remedies.  The attachments to the complain make clear that the inmate grievances plaintiff has exhausted so far only deal with Castro's "mistake" and his initial request to see a doctor for chronic lower back pain, which he saw on July 23, 2009.

4